COLE, Judge.
The issue presented in this delinquency adjudication case is whether or not the juvenile’s confession should have been allowed into evidence. Because we find the confession was properly admitted, we affirm.
On April 12, 1981, at approximately 9:00 p. m., three young black males entered a Baton Rouge restaurant operated by Ms. Helena Wong. One of the three juveniles, later identified as Darrell Williams, held a gun on Ms. Wong while another attempted to open the cash register. When they realized the cash register could not be opened the three fled the restaurant.
On April 24, 1981, Darrell Williams was arrested without a warrant and later gave a taped statement wherein he confessed to the crime. On June 15,1981, after an adjudicatory trial, he was adjudicated delinquent for having committed the attempted armed robbery of Ms. Wong. He was committed to the custody of the Louisiana Department of Corrections on June 29, 1981, for an indefinite period of time not to exceed his twenty-first birthday. Defendant then filed this appeal.
Defendant contends the taped statement (confession) should have been suppressed for two reasons. First, he argues the arrest was made illegally and therefore the confession, obtained as a result of that arrest, is “fruit of the poisonous tree.” See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Secondly, he maintains the police investigators who procured the confession did not follow the requirements of State in the Interest of Dino, 359 So.2d 586 (La.1978), rehearing denied 1978.
Defendant argues the arrest was illegal because there was no probable cause. Officer Greg Phares testified he had been given information by Larry Ricks, another participant in the attempted robbery, as well as by other unnamed informants. Detective Patrick Englade testified he did a follow-up investigation of the crime. He presented a “photo line-up,” consisting of photographs of five black males, to Ms. Wong. She correctly identified Darrell Williams as the youth who had held the gun on her. On the basis of the identification and the information supplied by Larry Ricks and other informants, the officers made the arrest. Recent jurisprudence has said probable cause to arrest exists when *592 facts and circumstances within the arresting officer’s knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. State v. Wilkens, 364 So.2d 934 (La.1978); State v. Marks, 337 So.2d 1177 (La.1976). Although mere suspicion does not justify an arrest the officer need not have sufficient proof to convict. State v. Thomas, 349 So.2d 270 (La.1977).
Considering the detailed information supplied by Ricks implicating defendant, corroborated by the victim, as well as the victim’s identification of the defendant, we conclude the arresting officers had probable cause to arrest Darrell Williams. Therefore we reject defendant’s argument that the confession should have been excluded as a product of an illegal arrest.
Defendant’s second argument, that the investigating officers did not meet the Dino requirements, is equally without merit. The court in Dino noted “most juveniles are not mature enough to understand their rights and are not competent to exercise them,” therefore it is only fair juveniles not be allowed to waive these rights without adult supervision. The court stated, at page 594:
“For these reasons we hold that in order for the State to meet its heavy burden of demonstrating that a waiver is made knowingly and intelligently, it must affirmatively show that the juvenile engaged in a meaningful consultation with an attorney or an informed parent, guardian, or other adult interested in his welfare before he waived his right to counsel and privilege against self-incrimination.”
Defendant argues he was not allowed a meaningful consultation with an informed parent. He argues his mother, Ms. Dorothy Weston, was not properly informed of his rights before he gave the statement. Ms. Weston testified she arrived at the police station shortly after her son’s arrest and was informed of his rights by the two police officers. Detective Englade and Officer Phares both testified Darrell and his mother were informed of Darrell’s rights and they both signed a written waiver form. Unfortunately the waiver form has been misplaced and is not a part of the record. When questioned about the written waiver form Ms. Weston stated she could not recall whether or not she had signed one. Even without the waiver form we find the evidence shows Ms. Weston was informed of her son’s rights.
Defendant argues further that even if his mother was informed of his rights he was not given the chance to have a meaningful consultation with her. We note the conflicting testimony concerning this matter. Officer Phares stated that prior to taping the statement he informed Ms. Weston and Darrell of Darrell’s rights and then left them alone in the room for a few minutes so they could discuss the matter. Detective Englade testified he had no knowledge one way or the other about Ms. Weston and Darrell being left alone because he was not present at that point in the procedure. Ms. Weston testified she was not left alone with her son prior to the taping of the statement. The defendant did not testify.
The trial judge obviously found the testimony of Officer Phares to be more credible than the testimony of Ms. Weston. The trial judge is in a position to judge the credibility of witnesses and is therefore granted a great deal of discretion in this area. State v. Collins, 328 So.2d 674 (La.1976). It has been held that this general proposition applies to delinquency adjudications and the juvenile judge’s determination will not be disturbed unless found to be manifestly erroneous. In re State in Interest of Tyler, 262 So.2d 815 (La.App. 4th Cir. 1972). Therefore we will not disturb the trial court’s finding that Ms. Weston was given an opportunity to discuss this matter with her son.
For these reasons, the judgment of the trial court is affirmed. Appellant is to pay all costs.
AFFIRMED.