429 So.2d 206 (1983)
STATE of Louisiana
v.
Sidney TOUSSAINT.
STATE of Louisiana
v.
Timothy WASHINGTON.
Nos. 82-KJ-0728, 82-KJ-0736.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Rehearing Denied April 19, 1983.
*207 Ossie B. Brown, Dist. Atty. by Ralph L. Roy & John Sinquefield, Asst. Dist. Attys., Baton Rouge, for plaintiff-appellee.
W. Michael Stemmans, David Price, Baton Rouge, for defendant-appellant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
The defendants, both sixteen-year-old juveniles, were tried as adults in district court under R.S. 13:1570 and convicted of three counts of armed robbery. After conviction, they pled guilty to additional counts, and were sentenced to twelve years imprisonment on each count, to be served concurrently without benefit of probation, parole or suspension. From these convictions, pleas and sentences, defendants appeal. We affirm.

ASSIGNMENTS OF ERROR
Defendants rely on five assignments of error (two assignments by Washington, three by Toussaint) for reversal of their convictions, pleas and sentences. Additional assignments were neither briefed nor argued, and thus, are considered abandoned. State v. Gardette, 352 So.2d 212 (La.1977).

ASSIGNMENTS OF ERROR NO. 1 (TOUSSAINT AND WASHINGTON)
Since both defendants raise substantially the same issues in these two assignments, they will be considered together. First, defendants contend that since they were juveniles (each sixteen years old at *208 the time of the offense), and no transfer hearing was held, the district court did not have jurisdiction. Secondly, defendants contend that if it is permissible for the district court to assume jurisdiction, without a transfer hearing, under R.S. 13:1570 and La.Const. (1974), Art. 5, Section 19, then this procedure violates their equal protection and due process rights.
As for the first contention, it is without merit. R.S. 13:1570 has been held to confer automatic jurisdiction in district courts over juveniles fifteen years and older charged with the specified crimes, without any necessity for a transfer hearing. State v. Smith, 400 So.2d 587 (La.1981). Likewise, the second contention is also groundless, having been rejected in State v. Leach, 425 So.2d 1232 (La.1983), and Mason v. Henderson, 337 F.Supp. 35 (U.S.D.C.La.1972).

ASSIGNMENT OF ERROR NO. 2 (WASHINGTON)
Washington complains that the trial court imposed an excessive sentence. However, the trial judge is given wide discretion in imposing sentences within statutory limits, and the sentence imposed should not be set aside as excessive absent manifest abuse of his discretion. State v. Washington, 414 So.2d 313 (La.1982). Sentences for armed robbery range from five to ninety-nine years, without probation, parole or suspension. R.S. 14:64. The trial judge's reasons for imposing sentence, as required by La.Code Crim.P. Art. 894.1, are excellent and demonstrate no abuse of discretion. Consequently, this assignment is without merit.

ASSIGNMENT OF ERROR NO. 4 (TOUSSAINT)
Toussaint complains that the trial judge erred in denying his motion to suppress a taped statement made by him to the police. He contends that the requirements of State in Interest of Dino, 359 So.2d 586 (La.1978) were not followed. Specifically, the defendant contends his mother was not adequately informed of his rights that were waived prior to the statement nor were they given an opportunity to confer alone together. However, detective Jay Thompson's testimony indicated that the Dino standard was met. Obviously, the trial judge found detective Thompson's testimony more credible than that of the defendant's mother. The credibility of witnesses is a matter in which a trial judge has great discretion, and his determination will not be disturbed unless manifestly erroneous. State in Interest of Williams, 411 So.2d 590 (La.App. 1st Cir.1982). As no abuse of discretion is shown, we find this assignment without merit.

ASSIGNMENT OF ERROR NO. 9 (TOUSSAINT)
Toussaint also complains that the trial judge erred in denying his motion to suppress certain physical items seized from the vehicle in which he was a passenger at the time of his arrest. Defendant contends that the initial investigatory stop of the car was improper because the officers lacked the requisite reasonable cause under La. Code Crim.P. Art. 215.1. This article authorizes investigatory stops whenever law enforcement officers reasonably suspect someone has committed a crime. Here, the requisite reasonable cause is evidenced by the close physical and temporal proximity of the car to the robberies, the defendants' attempt to flee when the siren sounded, the act of one defendant ducking down on the back seat, and the conformance of the defendants' appearances with the general description of the perpetrators. Accordingly, we find this assignment without merit.

DECREE
For the above reasons, the defendants' convictions and sentences are affirmed.
AFFIRMED.