WATKINS, Judge.
This is an appeal from a judgment of the City Court of Hammond adjudicating defendant, Darren Jerome Nelson, a juvenile delinquent for having violated LSA-R.S. 14:69, illegal possession of stolen things of a value more than $100.00 but less than $500.00. Defendant was placed in the custody of the Department of Corrections for a period of two (2) years, the maximum sentence for the offense charged. Defendant appeals his sentence and conviction raising three assignments of error.
ASSIGNMENTS OF ERROR NOS. 1 AND 2.
In these assignments, defendant contends that the trial court erred in finding him guilty beyond a reasonable doubt of each and every element of the offense charged and in denying the defense motion for a judgment of acquittal. Defendant has combined his arguments on these assignments and we shall do the same.
The proper standard of appellate review for sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Moore, 432 So.2d 209 (La.1983). When the evidence consists only of circumstantial evidence, it must be determined that any rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence was excluded. State v. Washington, 421 So.2d 887 (La.1982). Defendant was charged with violating R.S. 14:69 which provides, in pertinent part:
“A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
B. * * *
(2) When the value of the stolen things is one hundred dollars or more, but less than five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.”
Only general criminal intent is required as an essential element of proof under R.S. 14:69; a defendant could not be convicted under R.S. 14:69 absent evidence that he intentionally possessed, procured, received, or concealed a thing of value which had been the subject of any robbery or theft, under circumstances which indicated that he knew or had good reason to believe that the thing was the subject of one of those offenses. State v. Davis, 371 So.2d 788 (La.1979). Mere possession of stolen property should not create a presumption that the person in possession of the property received it with knowledge that it was stolen by someone else. State v. Walker, 350 So.2d 176 (La.1977). Where the state offers evidence of the original purchase price of the stolen items, but offers no evidence tending to prove that the items had a value as alleged in the charge against a defend *731 ant, a judgment of acquittal is required. State v. Peoples, 383 So.2d 1006 (La.1980).
The record reveals that defendant was charged following a confrontation between defendant and his brother and the owner of a bicycle which had been stolen the previous day. The owner identified several accessory items attached to a bicycle defendant’s brother was riding as having come from the stolen bicycle.
Viewing the record and the evidence in the light most favorable to the prosecution, we find that a rational trier of fact would have failed to conclude beyond a reasonable doubt that the defendant knew or had good reason to believe that the bicycle parts had been stolen. Further, we find that a rational trier of fact could not have concluded that every reasonable hypothesis of innocence had been excluded.
The evidence in this case was purely circumstantial, as no direct evidence was presented at trial. Although R.S. 14:69 requires only a showing of general intent to possess the allegedly stolen items, the state offered no proof of defendant’s intent to possess, procure, receive, or conceal the stolen bicycle parts. The testimony of the owner of the stolen bicycle reveals that defendant was not in possession of the stolen bicycle parts when they were recovered but was instead in the company of his brother who was riding a bicycle to which the parts were attached. The owner further testified that when he confronted the defendant’s brother, the brother told him that he had found the parts in the woods aud at that time turned the parts over to the owner. The accessory parts were not offered into evidence at trial nor were they further identified beyond the testimony of the owner. Nor could we find any evidence in the record that tended to show that either the defendant or his brother knew that the items were stolen or their general intent to continue to possess them. Even if we concede that defendant was in possession of the items, this would not create a presumption that defendant received them with knowledge that they were stolen. State v. Walker, supra.
One of the state’s witnesses, a thirteen year old schoolmate of defendant, testified that he saw defendant and his brother riding a bicycle similar to the one stolen. However, the thirteen year old did not know whether that bicycle belonged to the defendant or his brother. Further, the same witness testified that he saw a red bicycle frame in the woods on the day prior to the day the actual theft was reported and, although the frame was stripped of all accessories, he identified it as the one belonging to the son of the owner, who was also a schoolmate. The bicycle frame was recovered, but was never offered into evidence for identification as the stolen bicycle.
There is no evidence in the record to establish the value of the accessory items allegedly received by defendant knowingly as stolen goods. The trial judge elicited testimony to the effect that the original cost of the bicycle was $194.00, however, there was no testimony as to when the bicycle was purchased. It is entirely possible that the value of the stolen accessory items as named in the state’s petition was under $100.00, thus requiring a lesser sentence than that received by defendant if found guilty.
We find that the state has failed to prove the elements necessary to find defendant guilty of illegal possession of stolen things of a value of not less than $100.00 nor more than $500.00. The trial judge erred when he denied the defendant’s motion for acquittal. Consequently, we reverse defendant’s conviction and sentence.
ASSIGNMENT OF ERROR NO. 3.
Defendant contends that the trial court erred in imposing an excessive sentence. Since we have reversed defendant’s conviction and sentence, a discussion of the ex-cessiveness of the sentence is moot.
CONVICTION AND SENTENCE REVERSED.