JOHN S. COVINGTON, Judge.
Mark Turner was charged by bill of information with simple robbery in violation of LSA-R.S. 14:65. The defense filed a motion to suppress physical evidence and to suppress an inculpatory statement, which was denied by the trial court. Thereafter, defendant withdrew his former plea of not guilty and pled guilty as charged, while expressly reserving his right to appeal the trial court’s denial of his motion to suppress. See State v. Crosby, 338 So.2d 584 (La.1976). The court sentenced defendant to serve a five year term of imprisonment at hard labor.
Defendant appeals, urging as his sole assignment of error that the trial court erred by failing to grant his motion to suppress. He argues that the police did not have reasonable cause to stop his automobile. Hence, items seized from his automobile and a subsequent inculpatory statement made by him should have been suppressed.
No witnesses actually testified at the motion to suppress hearing. However, the state and the defense stipulated that the testimony of Officers Mike Morris and Greg Phares, if they were called, would be the same as that previously elicited at the preliminary examination.
At the preliminary examination, Officer Morris testified that he interviewed an employee of a North Baton Rouge convenience store shortly after she had been robbed. The victim informed him that a black man, who was wearing a light colored hat and a light colored jacket or sweater, grabbed her and took seven one dollar bills and some change from the store cash register. After forcing her to retrieve a plastic tube, containing ten dollars, from a money drop machine, the robber took two half-pint bottles of Black Label Jack Daniels whiskey from a shelf and left the store. The entire incident was video taped by a camera positioned above the cash register. The video tape revealed that the robber was present in the store from 2:47 to 2:49 a.m. Officer Morris further testified that the primary responding officer advised him that a witness had seen the suspect leave the store parking lot in a green Chevrolet Nova automobile. The witness followed the car for a short distance abandoning his pursuit when the car turned north on Plank Road.
Information about the robbery and a description of the vehicle were broadcast over the police radio network. Officer Greg Phares, on patrol in the vicinity, heard the *887 broadcast and noticed a vehicle meeting the description travelling north on Plank Road. After following the vehicle for some distance, Officer Phares forced the vehicle to stop in the vicinity of a service station located in the 7200 block of Plank Road. The stop occurred at 3:05 a.m. Three black men were seated in the green Chevrolet Nova stopped by Officer Phares. Defendant occupied the front passenger seat. Officer Phares recognized the rear seat passenger, George Stanley, as an individual he had previously arrested for armed robbery. As Officer Phares approached the vehicle, he noticed two half-pint bottles of Jack Daniels whiskey, on the front seat between the driver and defendant, and a light colored straw hat and beige colored shirt on the front floorboard. He immediately radioed back to the officers at the convenience store to ascertain the significance, if any, of the observed items. After determining that the clothing matched that worn by the robber and that the price tags on the whiskey were identical to those sold in the store that had been robbed, defendant and the vehicle’s other occupants were placed under arrest. Later that evening, defendant gave an inculpatory taped statement.
The Fourth Amendment to the United States Constitution and Article I, section 5, of the Louisiana Constitution protect people against unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by Louisiana Code of Criminal Procedure Article 215.1, as well as both federal and state jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Pautard, 485 So.2d 909 (La.1986). Reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual’s right to be free from governmental interference. State v. Pautard, supra.
Stopping an automobile and detaining its occupants constitutes a seizure within the meaning of the fourth amendment, although the purpose of the stop is limited and the resulting detention is quite brief. In justifying the particular intrusion, the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion. See State v. Flowers, 441 So.2d 707 (La.1983), cert. denied, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984).
Knowledge that an offense has been committed is often a critical element in establishing reasonable cause. When the officer making the stop knows a crime has been committed, he has only to determine whether additional trustworthy information justifies a man of ordinary caution to suspect the detained person of the offense. State v. Bickham, 404 So.2d 929 (La.1981).
Officer Phares was aware that a robbery had been committed; the automobile he was following matched the description of the vehicle used to flee the scene of that robbery just moments earlier. The officer was clearly justified in making a stop for further investigation. Thereafter, the officer, by communicating with other officers at the crime scene, diligently pursued a means of investigation which was likely to confirm or dispel his suspicions quickly. See State v. Borning, 477 So.2d 134 (La.App. 1st Cir.1985), writ denied, 481 So.2d 1330 (La.1986). Essentially, the detaining officer effected a brief stop of suspicious individuals to maintain the status quo momentarily while obtaining more information. The suspects were not transported from the scene, and the police appear to have diligently pursued a means of investigation likely to resolve the matter expeditiously. Under the circumstances, the detention was reasonable as to cause, method and duration. See State v. Fauria, 393 So.2d 688, 690, (La.1981).
Having made the investigatory stop, Officer Phares saw the clothing and whiskey in the front passenger compartment. *888 Objects falling in plain view of an officer who has a right to be in the position to have that view are subject to seizure. State v. Dupart, 383 So.2d 1226 (La.1979), cert. denied, 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22 (1980). Once the investigatory stop was made, Officer Phares acquired probable cause to arrest defendant as the clothing and other items observed matched the description of the offender and the stolen items.
Accordingly, we find that the instant seizure was derived from a valid investigatory stop. Therefore, the trial court did not err by failing to grant defendant’s motion to suppress physical evidence.
Defendant’s contention that his inculpa-tory statement was illegally obtained is based directly on the claim that the seizure of physical items was illegal. Because we have concluded that the seizure was legal, the objection to the trial court’s failure to suppress the inculpatory statement is also without merit. See State v. Price, 476 So.2d 989 (La.App. 1st Cir.1985).
For the foregoing reasons, this assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.