509 So.2d 818 (1987)
STATE of Louisiana
v.
Gregory MANGRUM.
No. 86 KA 1056.
Court of Appeal of Louisiana, First Circuit.
June 23, 1987.
*819 William R. Campbell, Jr., New Orleans, for plaintiff-appellee State of La.
James E. Talley, Franklinton, for defendant-appellant Gregory Mangrum.
Before EDWARDS, WATKINS and LeBLANC, JJ.
WATKINS, Judge.
Defendant, Gregory Mangrum, was charged by bill of information with illegal possession of stolen things valued over five hundred dollars, in violation of LSA-R.S. 14:69. After waiving trial by jury, he was convicted by a judge as charged. He was subsequently sentenced to six years at hard labor. From this conviction and sentence, defendant has appealed, urging three assignments of error as follows:
1. The verdict was contrary to the law and to the evidence.
2. The sentence is excessive.
3. Because of error patent on the face of the record the conviction and sentence must be reversed.
Assignment of error number three was not briefed and, therefore, is considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4. Moreover, under LSA-C. Cr.P. art. 920(2), this Court automatically reviews the face of the record for errors patent.

FACTS
In July, 1985, Linda Rester discovered that several items were missing from her residence in Bogalusa, Louisiana. On July 17, 1985, she filed an offense report with the Bogalusa Police Department regarding an alleged burglary of her residence. A watch, four rings, and a gun were reported as missing. Mrs. Rester testified at trial that there were no signs that anyone had broken into her home.
In November, 1985, Terri DeCarlo, Linda Rester's daughter, observed Terri Dillon, a classmate, on the school bus wearing what appeared to be two of her mother's missing rings. When asked where she got them, Miss Dillon replied that her boyfriend gave them to her. Miss DeCarlo called her mother, who then notified the police.
Terri Dillon testified at trial that she was called to the office at school, at which time she gave the rings to the police. She stated that defendant gave her the rings sometime during the first weeks of June, 1985. Defendant told her he got them from someone called Forehead. Miss Dillon testified that she heard Forehead's real name is Edward Butler.
Bogalusa Police Officer Kenny Kellis investigated Mrs. Rester's complaint concerning her stolen rings being worn by a student at Bogalusa High School. He talked to Terri Dillon, who gave him the two rings she was wearing. Miss Dillon advised him that her boyfriend, defendant, had given her the rings.
Officer Kellis testified that he talked to defendant later that day when he came to the police station. First, Kellis read defendant his Miranda rights; defendant then signed a rights form. In the presence of Officer Kellis and Captain Dorman Pritchard, defendant admitted that he had the rings in his possession. Defendant told them he purchased the rings from a person called Forehead, on Fourth Street and Second Avenue in Bogalusa. Defendant stated that he paid fifty dollars for the rings but believed them to be worth five to six hundred dollars. Defendant then advised them that he gave the rings to his girlfriend, Terri Dillon.
*820 After the conversation with Officer Kellis and Captain Pritchard, defendant gave a taped statement to Kellis and Lt. Charles Davis. This statement was transcribed and admitted into evidence at trial. In it, defendant gave the same account of how he obtained the rings but added that Forehead said they were "his old ladies [sic] rings". Officer Kellis testified at trial that the only person they could locate who was nicknamed "Forehead" was Edward Butler. Both Kellis and Captain Pritchard testified that the area around Fourth Street and Second Avenue contains primarily barrooms.
Linda Rester identified the rings as hers at trial. She testified that she paid $400.00 for one of them in 1974 and $169.00 to $179.00 for the other in 1984.

SUFFICIENCY OF EVIDENCE
In assignment of error number one, defendant contends the verdict was contrary to the law and the evidence. This allegation formed one of the grounds of defendant's motion for a new trial, which was denied by the trial court. We note that only the weight of the evidence, and not its legal insufficiency, can be reviewed by the trial court in a motion for new trial under LSA-C.Cr.P. art. 851. State v. Vessell, 496 So.2d 576, n. 2 at 581 (La.App. 1st Cir.1986), writ denied, 500 So.2d 420 (La. 1987). If the trial court finds the evidence legally insufficient, it must do so under LSA-C.Cr.P. art. 821, pertaining to post verdict motions for acquittal. However, we will review sufficiency of the evidence when raised by formal assignment of error.
In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That standard is that the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984). The standard has been codified in LSA-C.Cr.P. art. 821.
When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." This statutory test is not a purely separate one from the Jackson constitutional sufficiency standard. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. State v. Rosiere, 488 So.2d 965 (La.1986).
The crime of illegal possession of stolen things is defined in LSA-R.S. 14:69 A as follows:
Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
Thus, there are three elements of the crime; (1) intent, (2) possessing, procuring, receiving, or concealing stolen goods, and (3) knowledge the goods were stolen. State v. Bowman, 434 So.2d 1175 (La.App. 1st Cir.1983).
First we note that the record is almost totally devoid of evidence that would tend to show that the rings indeed had been stolen. Linda Rester testified simply that she noticed the rings and other objects were missing. The fact that the rings were found to be missing is no proof of the fact they were stolen.
Assuming the rings were stolen, we do not find there is sufficient proof defendant knew that to be the case. Defendant argues there was no evidence showing that he knew the rings were stolen; nor was there evidence showing beyond a reasonable doubt that he had good reason to believe that the rings were stolen, if, indeed, *821 that was the case. In oral reasons for finding defendant guilty, the trial court stated it concluded defendant knew the rings were stolen because $50.00 is a "woefully inadequate" purchase price for items which defendant thought to be worth $500.00 to $600.00. The court further stated that it would shock the court's conscience to accept the story that the seller said the rings belonged to his old lady as establishing a reasonable hypothesis of innocence.
The Louisiana Supreme Court has held that LSA-R.S. 14:69 does not create any presumptions and the state must prove that the accused actually knew or had good reason to believe that the property had been stolen before a conviction can be obtained. Also, mere possession of stolen property does not create a presumption that the person in possession of the property received it with knowledge that it was stolen by someone else. State v. Walker, 350 So.2d 176 (La.1977).
Viewing the evidence in the light most favorable to the prosecution, we believe that a rational trier of fact would have failed to conclude beyond a reasonable doubt that defendant knew or had good reason to believe the rings had been stolen when he acquired them. Defendant was not shown to be connected with a theft in any manner. In a statement to the police, defendant maintained that he was told the rings belonged to the seller's wife. Although an unusually low purchase price may give a person reason to suspect that the items were the subject of a theft, mere suspicion, not rising to the level of certainty required to form a belief, is not enough. See State v. Ennis, 414 So.2d 661 (La. 1982). It is certainly conceivable that a person could need money badly enough to sell his possessions for a fraction of their worth.
Without additional circumstantial evidence concerning defendant's acquisition of the jewelry, we conclude that the state's proof of the crime is not constitutionally sufficient in this case.
Accordingly, defendant's conviction and sentence are reversed.
REVERSED.
EDWARDS, J., dissents.