532 So.2d 536 (1988)
STATE of Louisiana
v.
Bennie Lewis VALERY.
No. KA 87 1386.
Court of Appeal of Louisiana, First Circuit.
October 12, 1988.
*537 Bryan Bush, Dist. Atty., Baton Rouge by Kay Howell, Asst. Dist. Atty., for plaintiff/appellee.
Office of Public Defender, Baton Rouge, for defendant/appellant.
Before CARTER, LANIER and LeBLANC, JJ.
LeBLANC, Judge.
Defendant, Bennie Lewis Valery, was charged, together with three co-defendants, with illegal possession of stolen things valued between one hundred and five hundred dollars, a violation of La.R.S. 14:69. The original bill of information was amended to dismiss the instant charges against two of the co-defendants. Defendant filed a motion to suppress physical evidence alleged to be the fruit of an illegal stop. After a *538 hearing, the motion was denied. Defendant was tried by jury and convicted as charged. Subsequently, he filed a motion for a post-verdict judgment of acquittal. The trial court refused to grant a post-verdict judgment of acquittal, but did modify the verdict to render a judgment of conviction of illegal possession of stolen things with a value of less than one hundred dollars. See La.C.Cr.P. art. 821 C.
Defendant was sentenced to six months imprisonment in the parish prison, with credit for time served. The remainder of the sentence was suspended and defendant was placed on supervised probation for two years, subject to the terms and conditions enumerated in La.C.Cr.P. art. 895, and was ordered to pay a $10.00 per month fee to defray the cost of the supervised probation. Additionally, restitution to the victim in the amount of $337.44 was made a condition of probation.
Defendant has appealed his conviction and sentence, urging the following assignments of error:
1. The trial court erred in denying the motion to suppress the fruits of an allegedly illegal stop.
2. The trial court erred in denying the motion for a post-verdict judgment of acquittal.
3. The trial court erred in imposing an excessive sentence and in failing to follow the guidelines enumerated in La.C.Cr.P. art. 894.1.

FACTS
At approximately midnight on July 11, 1986, Detective Richard Lee, III, was on patrol in the vicinity of the Glen Oaks area when he was dispatched by radio to a burglary in progress at 5933 Larchwood. Detective Lee drove his truck past the residence and drove to Bluegrass, the next intersecting street, two houses down from the residence. He observed a vehicle parked, with its headlights turned off, at the corner of Glen Oaks and Bluegrass. Detective Lee turned his truck around, drove to the house of the complainant, briefly spoke with the witness, and drove back to the intersection of Glen Oaks and Bluegrass. At that time, he saw the previously parked vehicle pulling out. He followed the vehicle; and, when his truck headlights shone through its rear window, he was able to observe a small television set with rabbit ear antennas. Detective Lee radioed Officer Brim for assistance. The vehicle was pulled over at the corner of Crown and Winchester Streets. A video cassette recorder was readily observable in the front seat, as well as a microwave oven with a portable television on top of it in the backseat and a package of frozen meat on the floorboard in the back behind the driver's seat. Defendant and the other occupants of the car were arrested and the items in the vehicle seized.
ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, defendant contends the trial court erred in denying the motion to suppress the seized television set, video cassette recorder and other physical evidence. Defendant argues that the police lacked reasonable cause, within the meaning of La.C.Cr.P. art. 215.1, to stop the vehicle in which he was a passenger and that, therefore, the evidence seized was the "poisonous fruit" of an illegal stop.
Law enforcement officers may make an investigatory stop when it is reasonable to believe that a suspect has engaged in criminal activity. La.C.Cr.P. art. 215.1; Terry v. State of Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Bickham, 404 So.2d 929, 931 (La.1981); State v. Spears, 459 So.2d 1328, 1330 (La. App. 1st Cir.1984), writ denied, 463 So.2d 600 (La.1985). Reasonable cause for an investigatory stop is something less than probable cause and must be determined under the facts and circumstances of each case. The officer must have articulable knowledge of particular facts which, in conjunction with reasonable inferences drawn therefrom, is sufficient to provide reasonable grounds to suspect the person involved of past, present or imminent criminal activity. Bickham at 931. Whether or not reasonable cause exists in a particular *539 case is determined by ascertaining whether the officer had sufficient knowledge of circumstances which would justify infringement upon the individual's right to be free of governmental interference. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed. 2d 543 (1984); State v. Payne, 489 So.2d 1289 (La.App. 1st Cir.), writ denied, 493 So.2d 1217 (La.1986).
Herein, Detective Lee, while on patrol in his unmarked police unit at approximately 12:00 midnight on the date in question, was notified over the police radio that a burglary was in progress at 5933 Larchwood Street and that three black males were seen leaving the house carrying a television set, video cassette recorder and other items. Once he reached Larchwood Street, Detective Lee observed four black males inside a car parked in front of an empty lot at an intersection a short distance from the burglarized residence. Detective Lee proceeded to the home of the complainant and after a brief interview, began patrolling the immediate vicinity.
He again saw the car he had initially observed while en route to the home of the complainant and thought it unusual that an automobile would be parked in that location, at that time of night. As the car began to pull out, the headlights were turned on; and Detective Lee decided to follow it. While following the car, Detective Lee observed a rabbit-ear antenna visible through the rear window of the automobile. He was able to see that the antenna was attached to what appeared to be a white television set.
Detective Lee's suspicions were aroused, and he inferred that the occupants of the vehicle could be the perpetrators or might know the perpetrators of the burglary he was investigating. He stopped the vehicle after having radioed for assistance. Officer Brim assisted Detective Lee in the investigatory stop. The three passengers and driver exited the vehicle and spoke with Detective Lee. A microwave oven, television set, video cassette recorder, and a package of frozen meat were readily observable through the windows of the automobile. The occupants of the vehicle were subsequently arrested for the crime of simple burglary.
The investigatory stop was proper as it was based on Detective Lee's reasonable suspicion that the occupants of the vehicle had engaged in criminal activity. The record adequately supports Detective Lee's reasonable cause to make the stop. See State v. Fauria, 393 So.2d 688, 690 (La. 1981). Additionally, objects falling in plain view of an officer who has a right to be in the position to have that view are subject to seizure.[1]State v. Turner, 500 So.2d 885, 888 (La.App. 1st Cir.1986). The seizure of the television set, video cassette recorder, microwave oven, and package of frozen meat was derived from a valid investigatory stop. See generally State v. Dupart, 383 So.2d 1226 (La.1979), cert. denied, 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22 (1980); State v. Toussaint, 429 So.2d 206 (La.App. 1st Cir.1983). Therefore, the trial court did not err in denying the defendant's motion to suppress physical evidence. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
Through this assignment of error, defendant contends the trial court erred in denying his motion for a post-verdict judgment of acquittal. Defendant states that the trial court granted the motion for a post-verdict judgment of acquittal to the extent that it reduced the verdict to receiving stolen things of a value of less than one hundred dollars. Defendant argues that he should have been acquitted of the charges against him as the state failed to introduce evidence of the value of the property involved. He does not contest the *540 sufficiency of the evidence on any other grounds.
The state claims that the phrase "anything of value," an element of the charged offense, should be given the broadest possible construction, and it cites La.R.S. 14:2(2) as authority for that proposition.
We note at the outset that the trial court did not partially grant defendant's motion for a post-verdict judgment of acquittal. The trial court, in lieu of granting a post-verdict judgment of acquittal, modified the verdict and rendered a judgment of conviction on the lesser included responsive offense. See La.C.Cr.P. art. 821 C. The trial court denied defendant's motion after a hearing. It ruled that the state did not introduce evidence of the value of the items nor evidence as to whether or not the items were operable. The trial court noted that photographs of the items in question were introduced into evidence and that the jury viewed the photographs. The trial court stated that "anything of value" should be given the broadest possible construction and that, therefore, the package of frozen meat, which had been purchased three weeks prior to the theft or burglary, was something of value. "... [E]ven the most uninformed mind in this world would have to put a value on ... unspoiled meat."
Defendant was convicted of receiving stolen things of less than one hundred dollars in value. Therefore, proof of any value, however minute, was sufficient to support the conviction. See La.R.S. 14:2(2) and its reporter's comment. Accordingly, the trial court did not err in denying defendant's motion for a post-verdict judgment of acquittal. The acquittal of a defendant is not proper when the evidence supports a conviction on a lesser and included offense which was a proper responsive verdict.[2]See State v. Byrd, 385 So.2d 248 (La.1980).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
Defendant also assigns as error the imposition of an allegedly excessive sentence and the failure of the trial court to consider all of the factors enumerated in La.C.Cr.P. art. 894.1.
Although a sentence falls within the statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). However, the trial court has wide discretion in the imposition of sentences; and a sentence within statutory limits will not be set aside in the absence of an abuse of discretion. State v. Johnson, 486 So.2d 853 (La.App. 1st Cir.1986).
Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than a needless imposition of pain and suffering. A sentence is grossly disproportionate if one's sense of justice is shocked when comparing the punishment in light of the harm done to society. State v. Gray, 461 So.2d 627, 631 (La.App. 1st Cir.1984).
La.C.Cr.P. art. 894.1 requires the trial court to weigh both aggravating and mitigating factors in determining whether or not to impose incarceration. While the trial court is not required to articulate every such circumstance in imposing sentence, the record must reveal adequate consideration of the guidelines enumerated in La.C. *541 Cr.P. art. 894.1. State v. Banks, 457 So.2d 1264, 1266 (La.App. 1st Cir.1984).
In this case, the trial court specifically read into the record the recommendation contained within the pre-sentence investigation report. The report recommended that defendant receive the maximum sentence allowable due to the fact that defendant had engaged in a pattern of criminal activity since the age of eight. The pre-sentence investigation report indicates that defendant has an extensive juvenile record, culminating in confinement at the Louisiana Training Institute. Additionally, he has been arrested several times for theft and burglary. The pre-sentence investigation report additionally indicates that defendant is employed as a laborer and earns a good hourly wage. He resides in his mother's home.
The record reflects that the trial court adequately complied with the dictates of La.C.Cr.P. art. 894.1.
A sentence of six months imprisonment in the parish prison was imposed upon defendant, but suspended. He was placed on two years supervised probation with the special conditions that he make restitution to the victim in the amount of $337.44 and that a fee of $10.00 per month be paid to the Division of Probation and Parole to defray the cost of supervision. Our review of the sentencing hearing and the sentence imposed reveals that the trial court implicitly, if not explicitly, considered all of the factors listed in La.C.Cr.P. art. 894.1. In any event, even where the trial court has not fully complied with La.C.Cr.P. art. 894.1, it is not necessary to remand for resentencing, when the record, as in this case, clearly shows an adequate factual basis for the sentence imposed and the sentence is not apparently severe in relation to the defendant or the actual offense committed. State v. Lanclos, 419 So.2d 475 (La.1982). The sentence imposed was neither apparently severe nor excessive.
This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The physical evidence seized was readily observable through the window of the vehicle. The conduct which enabled Detective Lee to observe the interior of defendant's car was not a prohibited search within the meaning of the Fourth Amendment. See State v. Leagea, 442 So.2d 699 (La.App. 1st Cir.1983).
[2] Defendant cites State v. Peoples, 383 So.2d 1006 (La.1980), and State in the Interest of Nelson, 442 So.2d 729 (La.App. 1st Cir.1983), in support of his position. Both are readily distinguishable because application of La.C.Cr.P. art. 821 was not a possibility in either case.

In Peoples the court reversed a conviction for receiving stolen things valued in excess of $500.00 because the state had failed to prove such value. However, the court's silence as to the possibility of conviction of a lesser included responsive offense was obviously due to the fact that La.C.Cr.P. art. 821 was not in effect at that time.
In Nelson, this Court reversed an adjudication of delinquency based upon commission of possession of stolen things valued over $100.00 and less than $500.00. In so doing, we noted the state's failure to prove value. However, we also noted that the value could have been under $100.00, requiring a lesser sentence. Entry of a conviction for a lesser included responsive offense was not entertained as a possibility because the evidence was otherwise greatly deficient.