LeBLANC, Judge.
Defendant, Jeoffrey M. Gross, was charged, together with three co-defendants, *161 with illegal possession of stolen things valued between one hundred and five hundred dollars, a violation of La.R.S. 14:69. The original bill of information was amended to dismiss the instant charges against two of the co-defendants.[1] Defendant was tried by jury and convicted as charged. Subsequently, he filed a motion for a post-verdict judgment of acquittal. The trial court refused to grant a post-verdict judgment of acquittal, but did modify the verdict to render a judgment of conviction of illegal possession of stolen things with a value of less than one hundred dollars. See La.C. Cr.P. art. 821 C.
Defendant was sentenced to six months imprisonment in the parish prison, with credit for time served. The remainder of the sentence was suspended; and defendant was placed on supervised probation for two years, subject to the terms arid conditions enumerated in La.C.Cr.P. art. 895, and was ordered to pay a $10.00 per month fee to defray the cost of the supervised probation. Additionally, restitution to the victim in the amount of $337.44 was made a condition of probation.
Defendant has appealed his conviction, urging only as his assignment of error that the trial court erroneously denied his motion for a post-verdict judgment of acquittal.
FACTS
At approximately midnight on July 11, 1986, Detective Richard Lee, III, was on patrol in the vicinity of the Glen Oaks area when he was dispatched by radio to a burglary in progress at 5933 Larchwood. Detective Lee drove past the residence and drove to Bluegrass, the next intersecting street, two houses down from the residence. He observed a car, with its headlights off, parked at the comer of Glen Oaks and Bluegrass. Detective Lee turned his vehicle around, drove to the house of the complainant, briefly spoke with the witness, and drove back to the intersection of Glen Oaks and Bluegrass. At that time, he saw the previously parked car pulling out. As he followed the car, his headlights shone through its rear window, enabling him to observe a small television set with rabbit ear antennas inside the car. Detective Lee radioed Officer Brim for assistance. The car was pulled over at the corner of Crown and Winchester Streets. A video cassette recorder was readily observable in the front seat, as well as a microwave oven with a portable television on top of it in the backseat and a package of frozen meat on the rear floorboard behind the driver’s seat. Defendant was seated in the rear, behind the driver’s seat. He and the other occupants of the car were arrested, and the items in the vehicle seized.
In his sole assignment of error, defendant contends the trial court erred in denying his motion for a post-verdict judgment of acquittal. Defendant argues that he should have been acquitted of the charge against him as the State failed to introduce evidence of: (1) the value of the property involved, and (2) defendant’s knowledge, or that he had good reason to know, that the property was the subject of any robbery or theft.
When reviewing the sufficiency of the evidence to support a conviction, an appellate court must determine if the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime were proved beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Captville, 448 So.2d 676, 678 (La.1984). When circumstantial evidence is used to prove the commission of a crime, La.R.S. 15:438 provides that, assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.
Defendant was convicted by a jury of illegal possession of stolen things valued between one hundred and five hundred dollars. Thereafter, the trial court modified the verdict and rendered a judgment of conviction of illegal possession of stolen *162 things with a value of less than one hundred dollars. The elements of the crime of illegal possession of stolen things are: that item(s) was stolen; that item(s) was of value; that defendant knew or should have known that the item(s) was stolen; and that defendant intentionally procured, received, or concealed the stolen property. La.R.S. 14:69.
Defendant does not contend the property was not stolen, nor that he did not possess the property recovered from the vehicle in which he was an occupant. Therefore, the sufficiency of the evidence to prove value and knowledge are the only issues before us.
KNOWLEDGE OP THE OFFENDER
One of the elements of the crime of illegal possession of stolen things is that the offender knew, or had good reason to believe, that the goods were stolen. La.R. S. 14:69. See State v. Mangrum, 509 So.2d 818, 820 (La.App. 1st Cir.1987). The purpose of the “had good reason to believe” phrase is to preclude an assertion of naivete as a defense. State v. St. Romain, 505 So.2d 223, 226 (La.App. 3rd Cir.), writ denied, 508 So.2d 86 (La.1987). The State’s proof of this element in this case is based upon circumstantial evidence.
Defendant claims that his mere presence in the vehicle which contained stolen items is insufficient to prove that he knew, or had good reason to know, that the property was stolen.
The record reflects that, while the victim was away from his home on Larchwood, his neighbor saw a black male wearing a pair of light colored pants running out of the victim’s yard and down the street, carrying a television set or microwave oven out of the house at midnight. The neighbor telephoned the police; and Detective Lee, on patrol in the area, was dispatched over the police radio to investigate a burglary in progress on Larchwood. En route, Detective Lee observed four black males inside a car parked a short distance from the burglarized residence. The detective proceeded to the home of the complainant, the victim’s neighbor, and after a brief interview began patrolling the immediate vicinity-
He again saw the car he had initially observed and, with suspicions aroused, decided to follow it. Detective Lee was able to see what appeared to be a television in the backseat of the car. Inferring that the occupants could be the burglars, he stopped the vehicle. A microwave oven, television set, and a package of frozen meat were in the backseat; a video cassette recorder was in the front seat. Defendant was wearing beige colored or white jeans and was seated in the backseat behind the driver. The package of frozen meat was on the floorboard by his feet. A television set and a microwave oven were situated between him and the other man sitting on the backseat. The victim testified that his house was ransacked and that several items were not recovered. He stated that the items recovered were stacked up in one room instead of in their usual places within his home. The victim testified that no one had permission to remove any of his property from his home and that defendant and his co-defendant were not authorized to enter his house. The victim’s property was photographed before removal from the vehicle defendant occupied.
The jury and the trial judge obviously arrived at the reasonable conclusion that there had been an unauthorized entry into the victim’s home and that at the time of entry there was an intent to commit a theft therein. Although possession of stolen property alone does not give rise to a presumption that the person possessing the stolen property knew, or had good reason to know, that it was stolen, the circumstances surrounding the possession of the victim’s stolen property could readily lead a rational trier of fact to conclude that defendant was, at least, one of the thieves and, therefore, knew, or had reason to know, the property was stolen. There is no rational hypothesis of innocence.
VALUE
The State claims that the phrase “anything of value,” an element of the charged offense, should be given the broadest possible construction; and it cites La. R.S. 14:2(2) as authority for that proposition.
*163 The trial court, in lieu of granting a post-verdict judgment of acquittal, modified the verdict and rendered a judgment of conviction on the lesser included responsive offense. See La.C.Cr.P. art. 821 C. It ruled that the State did not introduce evidence of the value of the items nor evidence as to whether or not the items were operable. The trial court noted that the photographs of the items in question were introduced into evidence and that the jury viewed the photographs. The trial court stated that “anything of value” should be given the broadest possible construction and that, therefore, the package of frozen meat, which had been purchased three weeks prior to the theft or burglary, was something of value. The court commented that “... [e]ven the most uninformed mind in this world would have to put a value on ... unspoiled meat.”
Defendant was convicted of receiving stolen things of less than one hundred dollars in value. Therefore, proof of any value, however minute, was sufficient to support the conviction. See La.R.S. 14:2(2) and reporter’s comments thereto[2]; State v. Valery, 532 So.2d 536, 540 (La.App. 1st Cir.1988).[3]
Accordingly, the trial court did not err in denying defendant’s motion for a post-verdict judgment of acquittal. The acquittal of a defendant is not proper when the evidence supports a conviction on a lesser and included offense which was a proper responsive verdict. See La.C.Cr.P. art. 821 C; State v. Byrd, 385 So.2d 248 (La.1980); State v. Valery, supra.
This assignment of error is without merit.
AFFIRMED.

. In addition to this amendment, the bill of information was also substantively amended. •Defendant was not rearraigned after the substantive amendment and went to trial without objecting thereto. A failure to rearraign a defendant after amending the bill of information is waived if defendant proceeds to trial without objecting thereto. La.C.Cr.P. art. 555.

. State v. Camp, 446 So.2d 1207 (La.1984) indicates, in dicta, that evidence of "some value” might support a conviction of misdemeanor theft. Camp at 1210, n. 8.

. Like defendant herein, his co-defendant Bennie Louis Valery, cited State v. Peoples, 383 So.2d 1006 (La.1980), and State in the Interest of Nelson, 442 So.2d 729 (La.App. 1st Cir.1983), in support of his position. See State v. Valery at 540, n. 2. Both cases are readily distinguishable because the application of La.C.Cr.P. art. 821 was not a possibility in either case.