403 So.2d 1205 (1981)
STATE of Louisiana, Appellee,
v.
Howard Lee GOODS, Appellant.
No. 80-KA-2946.
Supreme Court of Louisiana.
September 8, 1981.
*1206 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John Sturgeon, Dist. Atty., John F. Johnson, Asst. Dist. Atty., for appellee.
Jerry Daye, Ferriday, for appellant.
FORET, Justice Ad Hoc.[*]
Howard Lee Goods (defendant) was charged with aggravated burglary in violation of LSA-R.S. 14:60. Defendant entered a plea of not guilty and was tried before a twelve-member jury, which found the defendant guilty as charged. The trial court sentenced defendant to thirty years at hard labor, the maximum sentence for aggravated burglary. Defendant makes the following assignments of error:
(1) The district court erred in refusing to declare a mistrial after Deputy Pete Tolar made prejudicial remarks in his testimony before the jury.
(2) [Abandoned]
(3) The district court erred in denying defendant's motion for a directed verdict under LSA-C.Cr.Proc. Art. 778 after the State failed to prove all of the essential elements necessary for a conviction of aggravated burglary.
(4) and (5) The district court erred in imposing the maximum sentence on defendant in light of the particular facts and circumstances of this case, and the imposition of said sentence constitutes a violation of LSA-Const. Art. 1, § 20[1].

FACTS
The crime for which defendant has been convicted occurred on February 8, 1980, at approximately 12:55 P.M. in Catahoula Parish. Fannin Brothers conducts a large farming operation in that parish and a shop located on U.S. Highway 84, some six miles west of Jonesville, Louisiana.
Dale Fannin, Doyle Pritchard, and Kenneth Cooper were doing some welding on a piece of farm equipment in the shop when Cooper happened to glance out of a window. He saw a black and white Chrysler automobile cross a nearby railroad track and park in front of a barn approximately twenty-five to thirty-five feet away. Dale Fannin's truck was also parked at the barn and Cooper saw the driver and sole occupant of the Chrysler (whom he later identified as defendant) get out of his vehicle and walk over to the truck. Cooper altered the other men as to what was happening and they joined him at the window. At that time, the driver of the Chrysler reached into Dale Fannin's truck and removed two .22 caliber rifles from the gun rack. He then got back into his vehicle and drove away, taking the rifles with him.
Fannin, Pritchard, and Cooper climbed into another truck and began to pursue the Chrysler, which headed east on Highway 84 towards Jonesville. However, after traveling approximately three miles, their truck stalled. Cooper then went to a nearby telephone and called the Jonesville Police Department to inform them of what had occurred.
Upon apprehension following a chase by police, defendant gave the arresting officers permission to search his vehicle, but they did not find the stolen guns in it. The guns were found some three hours later on the side of the old Masonic building in Jonesville, which is located approximately one hundred yards from the spot where defendant was apprehended.
Defendant was transported to the Jonesville police station after his arrest and questioned. Defendant stated that he knew nothing about the stolen guns. Fannin, Pritchard, and Cooper arrived at the police station later that afternoon and positively *1207 identified the car, which defendant had been driving, as the one used in the commission of the crime. Fannin also identified defendant as the one who had burglarized his truck.
Initially, defendant was charged with simple burglary. However, defendant was formally charged by bill of information on March 13, 1980, with having committed the offense of aggravated burglary. Defendant was tried and convicted of aggravated burglary and appeals the said conviction.

ASSIGNMENT OF ERROR NO. 1
The defense contends that the trial court erred in not declaring a mistrial due to prejudicial remarks made by Deputy Tolar during the testimony before the jury.
Defense attorney, Jerry Daye, was cross-examining Deputy Tolar relative to the accused's willingness to allow a warrantless search of his vehicle as follows:
"Q. But he had, prior to that, given a voluntary permission to search the vehicle also?
A. He did.
Q. No problems with him?
A. No problems. He knew the guns weren't in there, so he didn't give us any problems.
Q. Your Honor, I would object to that.
Judge: Alright. The answer is not responsive, Deputy Tolar.
Q. Now, I am going to move for a mistrial.
Judge: Alright, let's remove the Jury. Remove the Jury, Mr. Bailiff. Mr. Day, I am going to let you argue that. Have the Jury step out. Alright, what's your grounds for a mistrial?
Mr. Daye: Your Honor, I'm asking for a mistrial based on Article 775 of the Code of Criminal Procedure where a prejudicial comment is made which prejudiced the Jury. That comment was completely uncalled for. It was not a response." [Emphasis added]
The trial court admonished the jury to disregard the emphasized portion of Deputy Tolar's answer. However, defendant argues that a police officer should be considered a "court official" under LSA-C. Cr.Proc. Article 771[2] and, thus, prejudicial remarks made by a police officer in testimony before a jury should be the basis for a mistrial. We note that under the provisions of LSA-C.Cr.Proc. Article 771, it makes no difference whether a police officer is considered to be a "court official" or an ordinary witness.[3] A prejudicial remark made by a police officer in either capacity provides the basis for a mistrial under LSA-C. Cr.Proc. Art. 771 if the trial court is satisfied that an admonition is not sufficient to insure the defendant of a fair trial. LSA-C.Cr.Proc. Art. 771 leaves the decision as to whether to grant a mistrial or admonition to the sound discretion of the trial court. State v. Harris, 383 So.2d 1 (La.1980); *1208 State v. Hegwood, 345 So.2d 1179 (La.1977); State v. Sepulvado, 342 So.2d 630 (La.1977). A mistrial is a drastic remedy and is warranted only when trial error results in substantial prejudice to the defendant sufficient to deprive him of a fair trial. State v. Haris, supra; State v. Williams, 375 So.2d 364 (La.1979); State v. Heads, 370 So.2d 564 (La.1979).
In the present case, the unresponsive remark was made by Deputy Tolar after defense counsel had twice asked him whether defendant had voluntarily agreed to a search of his vehicle and whether he had given the officers any problems. Obviously, defense counsel was attempting to raise an inference that defendant had consented to the search of his vehicle because he had a clear conscience. While this does not excuse the unresponsive remark made by Deputy Tolar, we find that the remark was not so prejudicial as to deprive defendant of a fair trial. The sustaining of defendant's objection and the admonition given by the trial court provided defendant with adequate protection.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
The defense contends that the trial court erred in refusing to grant its motion for a directed verdict on the aggravated burglary charge. The basis of that motion was that the State had failed to prove an essential element of the crime of aggravated burglary, i. e., that the unauthorized entering of the movable took place while a person was present.
With the amendment of LSA-C.Cr.Proc. Art. 778 by the Louisiana Acts 1975, # 525, § 1, the directed verdict in jury trials became unavailable. The trial judge only has such authority in bench trials. State v. Adams, 355 So.2d 917 (La.1978). See, e. g., State v. Domanque, 350 So.2d 599 (La.1977).
This Court has consistently held that in a jury trial the proper procedural vehicle for preserving, for appellate review, an issue regarding the failure of the State to present evidence of an essential element of the crime charged is a motion for a new trial. State v. Peoples, 383 So.2d 1006 (La. 1980); State v. Spencer, 374 So.2d 1195 (La.1979); State v. Williams, 354 So.2d 152 (La.1977); State v. Cobbs, 350 So.2d 168 (La.1977); State v. Blackstone, 347 So.2d 193 (La.1977). The instant case was tried before a jury and the record does not reveal that defendant filed a motion for a new trial. Prior to State v. Peoples, supra, defendant's claim that the State presented no evidence of an essential element of the crime charged would not be properly before this Court for review since he failed to file a motion for a new trial. But, in Peoples we said at page 1007:
"However, on further consideration, we conclude that it would be patently unfair and a substantial denial of due process to deny a defendant the right to obtain review by this court of a conviction where it is claimed that the state failed to present any evidence of the crime charged or an essential element thereof simply because he did not file a motion for a new trial or filed such a motion and neglected to assert this contention therein. Hence, whether or not a defendant raises a claim of no evidence in a motion for a new trial, upon formal assignment of error, we will review whether the defendant's claim of no evidence has merit."
LSA-R.S. 14:60 provides in pertinent part:
"§ 60. Aggravated burglary
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place." (emphasis provided.)
The evidence clearly shows that Cooper, Pritchard, and Fannin were inside a shop some twenty-five to thirty-five feet away from Fannin's truck when defendant took *1209 the guns from the cab thereof. Defendant argues that the emphasized portion of LSA-R.S. 14:60, supra, requires that the State prove, beyond a reasonable doubt, that a person was present within the burglarized structure, water craft, or movable as one of the essential elements of aggravated burglary. We agree.
In State v. Pierre, 320 So.2d 185 (La. 1975), we found that the definition of aggravated burglary as set forth in LSA-R.S. 14:60, supra, falls to some extent within the contemplation of the historical and common law definition of burglary, as a law designed for the protection of the person's place of habitation. We then noted that it was significant that LSA-R.S. 14:62, infra, setting forth the crime of simple burglary makes no reference to an "inhabited" dwelling, structure, water craft or to a movable "where a person is present".
The Reporter's Comment to LSA-R.S. 14:60, supra, sets forth the scope of the crime covered by that statute as follows:
"Scope:
The crime extends to buildings, vessels, and movables as well as dwellings. The reason for this inclusion is that there may also be great danger to human life in the burglarizing of vessels, trailers, and the like.
In cases involving a structure, water craft, or movable, however, it is necessary that someone be present when the crime is committed. If no one is present in such cases the crime can only be simple burglary. In the case of dwellings, inhabitation is all that is necessary; whether someone is actually there at the time of the crime is unimportant."
There is no need for us to apply the standard of review set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979),[4] as there is no doubt that no one was present in the movable at the time defendant burglarized it. Thus, lacking this essential element, the State could not prove that the defendant was guilty of aggravated burglary.
In State v. Byrd, 385 So.2d 248 (La. 1980), we held that the discharge of a defendant is neither necessary nor proper when the evidence supports a conviction on a lesser and included offense which was a legislatively authorized responsive verdict. LSA-C.Cr.Proc. Art. 814(39), provides that the responsive verdicts to a charge of aggravated burglary are: "guilty", "guilty of simple burglary", and "not guilty".
LSA-R.S. 14:62 provides in pertinent part:
"§ 62. Simple burglary
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60."
In this case, all of the elements of simple burglary have been proved beyond a reasonable doubt to the satisfaction of the trier of fact. The verdict of guilty of the greater offense explicitly reflects the finding that defendant's entry into the cab of Fannin's truck was unauthorized and was made with the intent to commit a theft therein. LSA-R.S. 14:62, supra.
Accordingly, the conviction of aggravated burglary and the sentence are set aside, and the matter is remanded to the trial court with instructions to enter a judgment of guilty of simple burglary and to sentence the defendant accordingly. Because of our decision herein, we pretermit any discussion of the issues raised by defendant in his assignments of error numbered 4 and 5.
CONVICTION AND SENTENCE SET ASIDE, REMANDED FOR ENTRY OF *1210 JUDGMENT OF GUILTY OF SIMPLE BURGLARY AND FOR SENTENCING.
MARCUS and BLANCHE, JJ., dissent and assign reasons.
WATSON, J., dissents.
MARCUS, Justice (dissenting).
I agree that there is no evidence of an essential element of the crime for which defendant was charged and convicted, that is, the unauthorized entering of a movable where a person is present. Therefore, defendant should be discharged. I respectfully dissent.
BLANCHE, Justice (dissenting).
I respectfully dissent. The opinion is correct. The defendant is not guilty of aggravated burglary as charged, but is guilty of simple burglary. However, the district attorney ought to have known the elements of these crimes as well as the court, and should have realized the defendant was overcharged. State v. Byrd, 385 So.2d 248 (La.1980) takes care of the jeopardy problem because defendant does not get another trial as we find him guilty of the lesser included offense and order the trial court to enter a judgment accordingly.
This writer is not charging the district attorney with prosecutorial abuse, but Byrd, supra, makes it possible, especially in tough cases involving murder and manslaughter.
This writer agrees with Marcus, J. The defendant should be discharged.
NOTES
[*] Judges J. Burton, Foret, Jimmy M. Stoker and P. J. Laborde of the Court of Appeal, Third Circuit, participated in this decision as Associate Justices ad hoc joined by Chief Justice John A. Dixon, Jr., and Associate Justices Walter F. Marcus, Jr., Fred A. Blanche, and Jack C. Watson.
[1] "§ 20. Right to Humane Treatment

Section 20. No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment. Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense."
[2] "Art. 771. Admonition

In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial."
[3] This Court has generally recognized that a police officer's unsolicited, unresponsive reference to another crime by the defendant is not the comment of a "court official" under the provisions of LSA-C.Cr.Proc. Art. 770. Absent a showing of a pattern of unresponsive answers or improper intent by the police or prosecutor, such comments would not fall within the purview of LSA-C.Cr.Proc. Art. 771. State v. Harris, 383 So.2d 1 (La.1980); State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Hammontree, 363 So.2d 1364 (La.1978); State v. Foote, 379 So.2d 1058 (La.1980); State v. Jones, 332 So.2d 466 (La.1976); State v. Martin, 376 So.2d 300 (La.1979); State v. Hardy, 344 So.2d 1018 (La.1977).
[4] The United States Supreme Court in Jackson v. Virginia, supra, set forth the following standard of appellate review in matters involving the sufficiency of evidence to support a criminal conviction:

"... the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."
See 443 U.S. 307, 99 S.Ct. 2781, at 2789, 61 L.Ed.2d 560.