■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS EASTON, True Name EASTON DENNIS, Appellant. [629 NYS2d 15] —Judgment, Supreme Court, New York County (Renee White, J.), rendered July 8, 1992, convicting defendant, after a non-jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 15 years to life, unanimously modified, on the law and the facts, to reduce the sentence to 3 years to life, and otherwise affirmed.

Defendant's claim that the People failed to elicit sufficient evidence to establish that defendant knew that he possessed

four or more ounces of a substance containing a narcotic drug at the time of his arrest (*People v Ryan*, 82 NY2d 497) was not preserved for appellate review as a matter of law by defendant's general motion for a trial order of dismissal (*People v Gray*, 86 NY2d 11), and we decline to review the issue in the interest of justice.

Defendant did not object to the introduction of police testimony concerning the common methods of packaging narcotics in the area in which defendant was arrested and thus did not preserve his current claim of error (CPL 470.05). Had that claim been preserved, defendant was not prejudiced by the introduction of this limited background testimony as it provided an understanding of the officers' behavior and was probative of their reliability, which was a contested issue (*People v Almodovar*, 178 AD2d 133, *lv denied* 79 NY2d 943).

We do agree, however, that under the particular circumstances presented herein, the imposition of the minimum sentence of 15 years to life was grossly disproportionate to the crime for which it is exacted and constitutes cruel and unusual punishment in violation of defendant's constitutional rights (*People v Broadie*, 37 NY2d 100, 125, *cert denied* 423 US 950; *People v Thompson*, 83 NY2d 477). We note that defendant had no prior criminal record, has steadily worked and supported a family, including three young daughters, the sentencing court expressed misgivings about the sentence, commenting on defendant's "excellent background" and that he had been "a hard working man * * * all of [his] life" with the exception of this particular incident. We, therefore, reduce the sentence to 3 years to life. Concur—Murphy, P. J., Rosenberger, Wallach, Williams and Tom, JJ.