680 So.2d 598 (1996)
Leonard HORNSBY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02811.
District Court of Appeal of Florida, Second District.
September 25, 1996.
Carl R. Hayes, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
In this appeal, the defendant challenges only the sufficiency of the evidence to support his conviction for battery on a law enforcement officer. We affirm because the defendant failed to preserve this issue for appellate review.
At the close of the state's case, the defendant moved for judgment of acquittal without stating any legal grounds:
THE COURT: Let the record reflect that the jury has left. The State has rested. Do you have a motion to make?
[DEFENSE COUNSEL]: We move for judgment of acquittal.
THE COURT: As to each and every count?
[DEFENSE COUNSEL]: Yes.
THE COURT: Taking [sic] in the light most favorable to the State, as I'm required to do at this juncture, I'm going to deny the motion as to each and every count.
The defendant asserts that the trial court improperly denied his motion for judgment of acquittal. In a typical failure of proof case, such as this one, the defendant must articulate the legal grounds in a motion for judgment of acquittal for an appellate court to review the issue. See Fla. R.Crim. P. 3.380(b); Steinhorst v. State, 412 So.2d 332 (Fla.1982); Johnson v. State, 478 So.2d 885 (Fla. 3d DCA 1985). The defendant's failure to present any argument to the trial court bars our review of the issue on appeal. We observe that this is not a situation where the defendant's conduct clearly did not constitute the crime for which he was convicted. If it were, it would be fundamental error and, therefore, reviewable notwithstanding the absence of a specific objection below. See Brown v. State, 652 So.2d 877 (Fla. 5th DCA 1995); Burrell v. State, 601 So.2d 628 (Fla. 2d DCA 1992); Nelson v. State, 543 So.2d 1308 (Fla. 2d DCA 1989). Furthermore, even if we were to address the sufficiency of *599 the evidence argument, we would conclude that it lacks merit.
Affirmed.
FRANK, A.C.J., and PARKER and FULMER, JJ., concur.