691 So.2d 1273 (1997)
STATE of Louisiana, Appellee,
v.
Spencer Newton GREEN, Appellant.
No. 28994-KA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1997.
*1274 R.H. Madden, III, Ruston, for Appellant.
Richard Ieyoub, Attorney General, Robert W. Levy, District Attorney, A. Scott Killen, Assistant District Attorney, for Appellee.
Before MARVIN, C.J., and HIGHTOWER and BROWN, JJ.
MARVIN, Chief Judge.
This appeal by Spencer Green of his conviction of four counts of indecent behavior with a juvenile has produced a disagreement between the majority of the three-judge panel and the third panelist who was initially assigned to write the opinion of the panel for the court. One of Green's complaints on *1275 appeal is that the evidence was legally insufficient to convict.
The disagreement arises because the sufficiency issue is presented to us "merely by assignment of error [La.C.Cr.P. arts. 920, 921] rather than by motion for post-verdict judgment of acquittal [La.C.Cr.P. art. 821]," to use the words of the third panelist. Brackets supplied by panel majority.
The third panelist wrote that when not raised by the Art. 821 post-verdict motion, but only by the Art. 920 assignment of error, "this [sufficiency] issue is not properly before us ... [but] we opt to address the assignment," citing authorities. Italics supplied. The panel majority disagreed with the third panelist's statement that this court could choose whether or not to address the sufficiency assignment, an issue of constitutional proportion. Simultaneously, other judges on this court called this panel's attention to apparent inconsistencies in opinions of this and other circuits as to when and how the sufficiency issue is properly raised and resolved, either or both in the trial court and the appellate court. Compare Arts. 821 and 920.
The panel majority holds that the correct pronouncement of our appellate responsibility is that this court has the obligation, and may not opt or choose whether, to review the sufficiency issue when that issue is raised solely by an assignment of error. The panel majority desires to state its reasons for this holding, believing that the criminal bench and bar may benefit from this attempt to state precisely our appellate responsibility and to not further contribute to the inconsistencies in the cases that have addressed this particular issue.[1]
After resolving the issueobligation v. optionthe majority affirms Green's convictions and sentences, adopting, as an unpublished appendix to this opinion, the discussion of the evidence and applicable authorities originally written by the third panelist that resolves Green's assignments.

Appellate Review of Sufficiency Issue; Arts. 920, 921 Obligation or Art. 821 Option?
Before the Supreme Court decided Jackson v. Virginia in 1979, sufficiency of the evidence to convict was reviewable on appeal in Louisiana when it was raised in the trial court, either by a motion for a new trial, a motion for directed verdict, or by post-conviction habeas corpus. See La.C.Cr.P. arts. 778, 851, 920, 921, as originally enacted in 1966 Code of Criminal Procedure and Official Revision Comments.
Comments (c) and (d) to Art. 851 in the original code observed that when the issue was raised by defendant's motion for a new trial in the trial court, the trial judge had the duty to pass on the sufficiency of the evidence under Art. 851(1) and to determine whether the verdict was "contrary to the law and the evidence." We shall discuss infra, in the light of Jackson, the amendments of some of those articles and the adoption of other articles that occurred after the Code of Criminal Procedure was enacted in 1966.
As the concurrences in Jackson v. Virginia emphasized, the sufficiency standard to test a jury verdict of guilty, pre-Jackson, was the "no evidence" rule applicable in the trial and the appellate court. Appellate review was of the trial court's ruling on a post-verdict motion, usually one for a new trial. This prior standard began with post-verdict motions in the trial court, such as the Louisiana motions mentioned above, the rulings on which were subject to more limited appellate review than under the post-Jackson v. Virginia standard.[2]
After Jackson v. Virginia and amendments to the Code of Criminal Procedure that corresponded with Jackson and the current Louisiana constitution, the applicable standard and procedure for resolving, on appeal, the sufficiency issue no longer requires *1276 the foundation for the issue to be laid in the trial court. When and how the sufficiency issue may be raised, and at what court level, either or both trial and appellate, the issue shall or may be resolved, is controlled by post-Jackson law and criminal procedure in Louisiana:
 A trial judge is not authorized to entertain a motion for a directed verdict of acquittal in a criminal jury trial. See La. C.Cr.P. art. 778 as amended in 1975; State v. Brooks, 452 So.2d 149, 154, fn. 2 (La.1984) (on rehearing).
 An issue "designated in the assignment of errors shall be considered on appeal." Art. 920(1), as amended in 1974. The sufficiency issue pre-Jackson was properly raised in the trial court by defendant's motion for new trial. The Official Revision Comment to the amended Art. 920 explained: "It is now clear that a defendant does not have to apply for a new trial [in the trial court] in order to urge an issue on appeal. Clause (1) [of Art. 920] only requires that the error ... be urged ... in the written assignment of errors." Emphasis and brackets supplied.
 The adoption of Art. 821 in 1982 facilitated resolution of the sufficiency issue in the trial court under the Jackson standard: "The defendant may move for a post verdict judgment of acquittal ... [which] must be made and disposed of before sentence." Emphasis supplied. Art. 821 "clearly manifests an intent to adopt the Jackson standard as the proper degree of deference which both the trial and appellate courts owe to the jury's verdict." Cheney C. Joseph, Jr., Developments in the LawPostconviction Procedure, 44 La.L.Rev. 477, 480 (1983). Italics supplied.
The official revision comment of Art. 821 explains:
Since the abolition of the directed verdict in jury cases, the Supreme Court has recognized its authority to reverse convictions and dismiss the charges if the evidence does not support the conviction.
The test on appeal to determine the "sufficiency" of evidence is no longer the "total lack of evidence" test. The test now is whether a reasonable fact finder must have a reasonable doubt. The test incorporated as the standard for judgments of acquittal defers to the jury's finding by requiring that the evidence be viewed in a light most favorable to the state. However, if the evidence is legally insufficient the verdict must be set aside and either a modified verdict or a judgment of acquittal must be entered.
The trial court or appellate court may modify the jury's verdict if the verdict is not supported by the evidence but a lesser included responsive verdict would be supported.
The district attorney may seek review of a post verdict judgment of acquittal or a judgment modifying a verdict. Such review does not violate double jeopardy because if the appellate court merely reinstates the jury's verdict no new trial is necessary.
The appropriate appellate court and mode of seeking review are, of course, determined by reference to La. Const. art. 5, §§ 5 and 10 (1974).
Citations omitted. Emphasis supplied. Shortly after Jackson, our supreme court, recognizing the Art. 920 alternative, summarized the developments in the law regarding raising and resolving the sufficiency issue:
In State v. Peoples, 383 So.2d 1006 (La. 1980), this court abandoned the rule that a defendant must file a motion for new trial in order to preserve the issue of sufficiency of evidence for appellate review. As a matter of due process, the court concluded that the issue could be considered when raised "upon formal assignment of error," notwithstanding the defendant's failure to move for new trial. 383 So.2d at 1007.

State v. Temple, 394 So.2d 259, 261 (La. 1981); see also State v. Raymo, 419 So.2d 858 (La.1982). Emphasis supplied.
Peoples, cited above, discussing the sufficiency issue, stated: "[It] would be ... a substantial denial of due process to deny a defendant the right to obtain review by this court ... simply because he did not file a motion for a new trial ... Hence, whether or *1277 not a defendant raises a claim ... in a motion for a new trial, upon formal assignment of error, we will review whether the defendant's claim ... has merit." 383 So.2d at 1007.
After being given the responsibility of exercising, except in capital appeals, criminal appellate jurisdiction, this court, albeit on only a few occasions, has said that sufficiency errors must be reviewed on appeal regardless of how the error is brought to the attention of the court. See, e.g., State v. Otis, 586 So.2d 595, 604 (La.App. 2d Cir.1991), writ granted in part on other grounds; State v. Wesley, 28,941 (La.App. 2d Cir. 12/13/96) 685 So.2d 1169. More often perhaps, this and the other appellate circuits, we believe, have inconsistently and too frequently misstated that the proper method is only by the Art. 821 motion in the trial court. See e.g., State v. Johnson, 584 So.2d 1216, 1218 (La.App. 2d Cir.1991), writ denied, and dozens of cases cited under La.C.Cr.P. art. 821, West Pub. Co., vol. 2A. We shall attempt to trace the source of the inconsistencies:
Jurisprudential adoption of the Jackson standard in Louisiana was initially criticized. See C.J. Summers' dissent in State v. Mathews, 375 So.2d 1165 (La.1979); State v. Ruple, 426 So.2d 249 (La.App. 1st Cir.1983); State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). Korman raised the sufficiency issue in the trial court by a then improper motion for new trial.
Korman was cited in a footnote in State v. Marshall, 479 So.2d 598, 601 (La. App. 1st Cir.1985), as authority for the statement: "The proper method to raise the [sufficiency] issue is by motion ... under ... art. 821." That statement was made because Marshall, like Korman, had filed in the trial court a motion for a new trial. Again we add that the motion for a new trial, after the adoption of Art. 821, is an improper way to raise the sufficiency issue in the trial court. The Marshall court noted in its first paragraph that the sufficiency issue was among the five assignments of error, without discussing Art. 920, and without suggesting that it was improper to raise the sufficiency issue on appeal by assigning the sufficiency issue as an error. Marshall held that the sufficiency issue was improperly raised by the motion for a new trial in the trial court, but considered the sufficiency issue as an assigned error.
Korman and Marshall and their progeny apparently sowed the seeds that produced the inconsistencies in the case law about the proper way to raise and resolve the sufficiency issue.
In our earlier case, State v. Seay, 521 So.2d 1206 (La.App. 2d Cir.1988), the sufficiency issue was also raised as it was in Marshall in a motion for a new trial in the trial court, the denial of which was made an assignment of error on appeal. Citing and following Korman and Marshall, we said the sufficiency issue "should be raised by motion... [under] art. 821," when we should have been more precise and said the sufficiency issue "may properly be raised in the trial court under art. 821." 521 So.2d at 1214; emphasis supplied. Having signed Seay, the author of this majority opinion apologizes for his contribution to the inconsistencies of which he now complains.
After reviewing the current authorities, including the case law post-Jackson, the majority reaches two conclusions: It is proper, but not mandatory, for the sufficiency issue to be raised in the trial court by an Art. 821 motion. It is also proper to raise the issue solely by an Art. 920 assignment of error to the appellate court without the necessity of any foundation motion, under Art. 821 or otherwise, in the trial court.
As explained by its comment, Art. 821 contemplates that either or both the trial court and the appellate court shall review the sufficiency of the evidence to convict in a criminal jury trial when that issue is "properly" raised in either court. The trial court review of the sufficiency is authorized only before sentence under Art. 821 A. Appellate review of a conviction raising the insufficiency issue is authorized only after sentence is imposed. Otherwise the appeal of the sufficiency error or any assigned error is premature. State v. London, 316 So.2d 743 (La.1975), citing La.C.Cr.P. arts. 912, 912.1; State v. Chapman, 471 So.2d 716 (La.1985).
*1278 Art. 821 expressly provides two options: "The state may seek review" if the trial court ruling on the Art. 821 motion acquits the defendant either wholly or partly. Art. 821 D. A defendant is not required to, but "may move for a post verdict judgment of acquittal" in the trial court before sentence. Art. 821 A. Our emphasis. Nothing in Art. 821 or its revision comment impliedly or expressly prohibits a defendant from seeking the due process sufficiency review "merely" by an assignment of error in the appellate court if he does not exercise his option in the trial court to file the Art. 821 motion. The sufficiency issue may be properly raised either by the Art. 821 motion in the trial court or by the Art. 920 formally assigned error in the appellate court. Appellate review of the issue is available in either instance, notwithstanding the defendant's failure to exercise his option to file the Art. 821 motion in the trial court. Neither method is the only proper method.
An assigned error "shall be considered on appeal." Art. 920. Art. 5 of the Code of Criminal Procedure tells us that the word "shall" is mandatory and that "may" is permissive.
While the Code of Criminal Procedure recognizes that the "option" to review may exist as to insubstantial or non-constitutional assigned errors, we simply are not allowed to choose not to review the constitutional due process sufficiency when it is assigned as an error. Arts. 920, 921. The panel majority takes this opportunity to state its holding in a published opinion.

ON THE MERITS
Notwithstanding the testimony of character witnesses called by Green, the victim's testimony is legally sufficient to convict beyond a reasonable doubt because it was believed by the jury and not internally contradictory or in conflict with physical evidence. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied. Similarly, the sentences [consecutive 3½ years at hard labor, with execution suspended during supervised probation on special conditions for like periods, and fines totaling $2,000 on the third and fourth counts] are not found constitutionally excessive.

DECREE
We affirm the convictions and sentences for reasons given in the unpublished appendix to this published opinion.
AFFIRMED.
HIGHTOWER, J., concurs as to the result only, with written reasons.
HIGHTOWER, Judge, concurring.
In a wordy discourse apparently repenting from their previous "inconsistent statements," the other two panel members ultimately declare that a defendant's evidence-sufficiency contentions, although never presented in the trial court, must be addressed on appeal. Their apparent explanation: to do otherwise would be a denial of constitutional due process. Simply put, however, they are simply wrong.
Even in a federal forum, a defendant's failure to follow consistently-applied state procedural rules for raising constitutional claims will usually not be excused in either direct review or habeas proceedings.[1]Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). See also Dugger v. Adams, 489 U.S. 401, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989) (mentioning the interest of state courts in enforcing their procedural rules); Reed v. Ross, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). Accord Bates v. Blackburn, 805 F.2d 569 (5th Cir.1986), cert. denied, 482 U.S. 916, 107 S.Ct. 3190, 96 L.Ed.2d 678 (1987) (specifically concerning a sufficiency-of-evidence claim).
Thus, no constitutional barrier precludes a strict application of Louisiana's procedural requirement that sufficiency challenges be raised in the district court through a post-trial motion for acquittal. Indeed, the U.S. circuit courts apply a similar standard in examining federal convictions. When a defendant fails to move for a judgment of acquittal at the close of all the evidence, the *1279 appellate court's review is limited to the prevention of clear and gross injustice. See, e.g., U.S. v. Devoll, 39 F.3d 575 (5th Cir. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1701, 131 L.Ed.2d 563 (1995); U.S. v. Santiago, 83 F.3d 20 (1st Cir.1996); U.S. v. Muniz, 60 F.3d 65 (2d Cir.1995); U.S. v. Vizcarra-Martinez, 66 F.3d 1006 (9th Cir.1995)[2]; U.S. v. Wright, 63 F.3d 1067 (11th Cir.1995).
Not oddly then, other states with mandatory procedures for raising sufficiency challenges first in the trial court apply their rule at the appellate level by declining to address the assignment, by considering only instances of "plain error," or by "electing" to discuss the evidence very briefly. See, e.g., Hornsby v. State, 680 So.2d 598 (Fla. 2d DCA 1996) (motion for acquittal failed to articulate adequately its legal grounds); State v. Wakefield, 473 S.E.2d 831 (S.C.App.1996); Tapscott v. State, 106 Md.App. 109, 664 A.2d 42 (1995), affirmed, 343 Md. 650, 684 A.2d 439 (1996); People v. Easton, 216 A.D.2d 220, 629 N.Y.S.2d 15 (1995); McQuinn v. Commonwealth, 20 Va.App. 753, 460 S.E.2d 624 (1995); State v. Johnson 257 Mont. 157, 848 P.2d 496 (1993); Farbotnik v. State, 850 P.2d 594 (Wyo.1993); Commonwealth v. Dion, 31 Mass.App.Ct. 168, 575 N.E.2d 759 (1991), review denied, 411 Mass. 1102, 579 N.E.2d 1360 (1991); State v. McAdams, 134 N.H. 445, 594 A.2d 1273 (1991); Houston v. State, 299 Ark. 7, 771 S.W.2d 16 (1989); State v. Cole, 150 Vt. 453, 554 A.2d 253 (1988); Noaks v. United States, D.C.App., 486 A.2d 1177 (1985); State v. Larocco, Utah, 665 P.2d 1272 (1983); State v. Heidebrink, 334 N.W.2d 344 (Iowa 1983); State v. Hill, 49 Or.App. 297, 619 P.2d 671 (1980).
The rationale embraced by the Supreme Court of New Hampshire, concerning the demand that sufficiency claims be presented to the trial court, is particularly impressive. After observing that the requirement constitutes a rule "founded in common sense and judicial economy," the court continued:
The requirement that trial counsel object to insufficiency of the evidence in order to properly preserve the issue for appeal ensures that: "First, appellate courts will not be required to expend time and energy ... [where] no trial ruling has been made. Second, the trial court may promptly correct the asserted error. With the issue properly presented, the trial court is more likely to reach a satisfactory result, thus obviating the need for appellate review on this issue. Or if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review. Third, appellate courts will be free to more expeditiously dispose of the issues properly preserved for appeal. Finally, the [objection] requirement ... remove[s] [any] advantage [to] the unprepared trial lawyer who [would look] to the appellate court to compensate for his trial omissions."
State v. McAdams, supra, at 440-449, 594 A.2d 1273, quoting Dilliplaine v. Lehigh Valley Trust Company, 457 Pa. 255, 322 A.2d 114 (1974). (Brackets in original.) See also McAdams's well-reasoned rejection of the argument that permitting sufficiency to be raised for the first time on direct appeal, rather than through a collateral attack scrutinizing effectiveness of counsel, conserves judicial resources.
As conceded by the other two members of the present panel, Louisiana's appellate courts have repeatedly held that a challenge to the sufficiency of the evidence must be raised though a motion for post-judgment acquittal per La.C.Cr.P. art. 821. Yet, after acknowledging that our court has only rarely "said that sufficiency errors must be reviewed on appeal regardless of how the error is brought to the attention of the court," these two panelists proceed to rely upon those "few occasions." Their reliance is misplaced, however. In one of the two cited examples of such infrequent departures, State v. Otis, supra, the defendant indeed filed a motion for judgment of acquittal which the trial court denied. Thus, any other statement there concerning the present *1280 issue is plainly dicta. Nor can I subscribe to the reasoning of State v. Wesley, supra, where another member of the instant panel, relying on Otis, recently made the initial announcement that this court had an obligation to review such errors.
Likewise, in quoting from State v. Peoples, supra, the author for the other two panelists twice omits the wording "(claim) of no evidence." (Emphasis added.) The Peoples decision, of course, predated by more than two years the Legislature's enactment of Article 821 as the instrument for addressing sufficiency issues. Similarly, both State v. Temple, supra, and State v. Raymo, supra, cited by the other two panelists, preceded that same legislation. Quite interestingly, too, the Temple court actually found itself unable to reach the sufficiency question but still and here, again, is that wordopted to discuss the evidence extensively in deciding what otherwise would have been the result.
Understandably, if the appellate courts of Louisiana routinely ignore procedural defaults as to sufficiency-of-evidence claims, then the legislatively adopted mechanism, Article 821, will be relegated into desuetude by both the trial bench and bar. As a result, our trial courts will not be accorded the opportunity to serve their proper function. Obviously, as McAdams alluded, if a reversal is necessary because the evidence does not support the conviction, the trial court stands in the sole position for granting that relief without the cost and delays of an appeal. Conversely, if the defendant can require the preparation of a full record transcript by merely assigning insufficiency for the first time on appeal, the public fisc will suffer needless expense in numerous cases.
Neither can such a policy be supported upon the suggestion that, by addressing the unpreserved complaint on direct appeal, post-conviction petitions alleging ineffective counsel are somehow forestalled. To the contrary, by establishing the obligation to address sufficiency issues irrespective of any proper initiative in the district court, defendants are simply invited to challenge additionally the effectiveness of their appellate counsel who fails to raise sufficiency in the reviewing court. This approach, logically extended, merely exchanges a one-headed PCR demon for a two-headed monster of the same breed. Moreover, the broadened post-conviction complaints (aimed at counsel's actions before the appellate court) must not only be filed in the district courts, see La.C.Cr.P. art. 925, but also paradoxically will require trial judges to declare what would have transpired in the superior court if the sufficiency issue had originally been presented there.
As stated, the Legislature's 1982 enactment of Article 821 established the procedural vehicle for processing sufficiency complaints. That measure sets forth the standard to be utilizedthe evidence will be "viewed in a light most favorable to the state"and states that the motion "must be made and disposed of before sentence." (Emphasis added.) If Louisiana's courts are to superimpose an "obligation" to address sufficiency issues without regard for Article 821, then that departure should come from our supreme court in a broadly articulated analysis designed unequivocably to govern all future cases. Until then, I cannot be a party to fostering the "obligation" advocated by the other two members of this panel.
Having so indicated, my concurrence here extends only to the result.
NOTES
[1] Each member of the panel majority acknowledges he is included among the appellate judges who have concurred in or signed opinions that contain inconsistent statements on the issue. See discussion, infra, p. 1277.
[2] See, e.g., State v. May, 339 So.2d 764 (La. 1976): Denial of defendant's motion for new trial grounded on verdict being contrary to law and evidence, "presents nothing for review unless no evidence appears in the record supporting one of the essential elements of the offense."
[1] If a federal habeas petitioner can demonstrate both "cause" for his failure to raise the issue properly and "prejudice," his claim may be addressed.
[2] Although noting that the defendant's procedural default in the trial court resulted in the availability of only a miscarriage-of-justice review, the appellate court "opted" to apply its ordinary standard of review in concluding that there was clearly adequate evidence to sustain the conviction.