712 So.2d 451 (1998)
Rocky Lee MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02696.
District Court of Appeal of Florida, Second District.
June 17, 1998.
*452 James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tracy L. Martinell, Assistant Attorney General, Tampa, for Appellee.
DOYEL, ROBERT L., Associate Judge.
The appellant, Rocky Lee Miller, challenges his convictions after jury trial on charges of burglary of a dwelling, petit theft, and attempted burglary.[1] He claims error in the trial court's refusal to grant his motion for judgment of acquittal and in its failure to grant him a new trial based on certain improper comments the prosecutor made in closing argument. We agree with his contentions in part and, accordingly, reverse.
The appellant's first claim is that the State failed to prove each element of the crimes charged beyond a reasonable doubt so that his motion for judgment of acquittal should have been granted. We agree with the State's argument that this issue has not been preserved for review because of defense counsel's failure to articulate the legal grounds in the motion before the trial court, as well as her failure to present any argument in support of her motion. Defense counsel merely moved for a judgment of acquittal at the close of the State's case "based on the lack of a prima facie case." We conclude that such boilerplate language, without more, was insufficient to preserve the issue. Compare Hornsby v. State, 680 So.2d 598 (Fla. 2d DCA 1996) (moving for judgment of acquittal as to each and every count insufficient to preserve sufficiency of the evidence issue). Even if we were to address the sufficiency of the evidence argument, we would conclude that the trial court's ruling was correct. See State v. Law, 559 So.2d 187 (Fla.1989).
Notwithstanding our affirming the first issue, we conclude the appellant was denied a fair trial by virtue of the prosecutor's improper remarks in closing argument. The evidence presented to the jury was that a homeowner found the appellant in an inebriated state early one morning in the homeowner's garage. These facts formed the basis of the charge of burglary of a structure, which the jury later reduced to attempted burglary, and petit theft. After the homeowner called the police who arrested the appellant, the police found in the appellant's pocket a wallet, $200, and a watch, none of which belonged to the appellant. The appellant told the police that he had found the items. It was soon determined that the items belonged to a nearby neighbor of the homeowner who had, only a few hours earlier, reported a burglary in his home and the items missing. These facts formed the basis of the charges of the second count of petit theft and burglary of a dwelling. The appellant's defense was one of voluntary intoxication to such a degree that he could not form the requisite specific intent for burglary. Furthermore, there was a good deal of evidence supporting this defense, evidence presented by witnesses for the State as well as by the defense.
During closing argument the prosecutor ridiculed the appellant's defense of voluntary intoxication and misstated the law to the jury in the following manner:[2]
PROSECUTOR: Voluntary intoxication. Let's talk about this.
Their defense is the defense of lack of responsibility. That's simply what it is.

*453 He has the nerve to tell you he drank twenty-one beers. No one tied him down, no one forced him to do it
DEFENSE COUNSEL: Your Honor, I object, this is an instruction on the law.
THE COURT: Overruled. This is argument.
PROSECUTOR: No one forced him to drink those twenty-one beers he claims to have drunk that night, but still is able to at least walk. But yet, because he chose to drink in a reckless manner he's not guilty. Where's the responsibility for your actions?
This is not a case about lack of intent, it's a question of lack of responsibility. For when he tells you that he was voluntarily intoxicated, "I'm so drunk I don't know what I'm doing, I don't know what is right from wrong," who did the drinking? And who forced him to drink?
The purpose of closing argument is to present a review of the evidence and suggestions for drawing reasonable inferences from the evidence. See Bertolotti v. State, 476 So.2d 130 (Fla.1985). Closing arguments "must not be used to inflame the minds and passions of the jurors so that their verdict reflects an emotional response to the crime or the defendant rather than the logical analysis of the evidence in light of the applicable law." Id. at 134. The prosecutor's comments tended to arouse an emotional reaction to the appellant's attempt to find refuge in his own purportedly irresponsible drinking. The prosecutor's comments also improperly expressed his opinion of the defense theory, see Rosso v. State, 505 So.2d 611 (Fla. 3d DCA 1987), discrediting a proper legal defense instead of commenting on the evidence and the reasonable inferences therefrom. See Taylor v. State, 640 So.2d 1127 (Fla. 1st DCA 1994).
A defendant has a fundamental right to present a defense, see Story v. State, 589 So.2d 939 (Fla. 2d DCA 1991), and to have the jury properly instructed on any legal defense supported by the evidence, Gardner v. State, 480 So.2d 91 (Fla.1985). These rights stand for naught if the prosecutor can ridicule a defense so presented, denigrate the accused for his temerity in raising the issue, and misstate the law in contradiction of the judge's instructions, as the prosecutor in this case did. The error committed by the prosecutor in closing argument, therefore, deprived the appellant of his fundamental right to a fair trial.[3] With ample evidence to support the defense of voluntary intoxication, it cannot be said that this error was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We reverse and remand for a new trial.
FRANK, A.C.J., and QUINCE, J., concur.
NOTES
[1] Sections 810.02(3), 812.014(3)(a), and 777.04, Fla. Stat. (1995).
[2] The State argues that this issue was also not preserved. We disagree because of the objection the defense counsel made during the closing argument as seen in the quoted material. Even if we were to deem the objection insufficient to preserve the issue, we would find error on this issue under a fundamental error analysis.
[3] Although the prosecutor's improper attack was on the defendant and his legally recognized defense, instead of on defense counsel as in Palazon v. State, 711 So.2d 1176 (Fla. 2d DCA 1998), the misconduct is quite similar in that both arguments strike foul blows in efforts to obtain convictions. Such conduct is inconsistent with the time-honored role of the prosecutor. The prosecutor "is in a peculiar and very definite sense the servant of the law, the two-fold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).