754 So.2d 844 (2000)
M.C.M., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2782.
District Court of Appeal of Florida, Second District.
April 7, 2000.
James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jenny S. Sieg, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
M.C.M., a child, appeals from the trial court's order adjudicating him delinquent for possession of a firearm on school property. M.C.M. argues that, first, the State did not prove the charged offense as a matter of law and, second, the trial court erred in failing to specify when community control terminated. Because we find that the first issue requires reversal, we do not reach the second issue.
*845 The State charged M.C.M. with possession of a firearm on school property, in violation of section 790.115, Florida Statutes (1997). Subsection (1) of that statute provides:
A person who exhibits any ... firearm... in the presence of one or more persons in a rude, careless, angry, or threatening manner and not in lawful self-defense, on the grounds or facilities of any school ... or within 1,000 feet of the real property that comprises a public or private elementary school, middle school, or secondary school, during school hours or during the time of a sanctioned school activity, commits a felony of the third degree...."
M.C.M. argues that the State did not prove a prima facie case of a violation of section 790.115(1) because it did not prove that M.C.M. exhibited the rifle "in a rude, careless, angry, or threatening manner." Preliminarily, we note that this issue is not barred from review even though M.C.M. did not make this particular objection at trial level. See Hornsby v. State, 680 So.2d 598, 598 (Fla. 2d DCA 1996); Brown v. State, 652 So.2d 877, 881 (Fla. 5th DCA 1995) (it is fundamental error for the State to fail to prove an essential element of a crime).
There is no dispute in this case that M.C.M. drove to high school in a vehicle containing his .22 caliber hunting rifle. M.C.M. testified that he was hunting the previous night and forgot to remove the rifle. The evidence established that, upon learning that vehicles were being searched, M.C.M. directed a friend to transfer the rifle from M.C.M.'s vehicle to a vehicle that already had been searched. There was no testimony that the gun was handled in a rude, careless, angry, or threatening manner. To the contrary, the evidence showed that M.C.M.'s friends were being careful to transfer the gun, which was covered with a pair of jeans, quickly and quietly so as to avoid detection.
The State argues that the fact that the gun was loaded and brought to the school parking lot provides evidence of its handling in a careless manner. However, whether the gun was loaded does not prove or disprove how the gun was handled. While we cannot fathom why any student in these days and times would knowingly drive onto school property in a vehicle containing a firearm, the State failed to present sufficient evidence that M.C.M. violated that portion of section 790.115 which addresses exhibiting a firearm in a rude, careless, angry, or threatening manner. Accordingly, we reverse and remand with directions to the trial court to grant a judgment of acquittal.
We also note that, if this school district has adopted written and published policies prohibiting carrying a firearm in a vehicle on school property, the State could have charged M.C.M. with violating section 790.115(2)(a), Florida Statutes (1997), also a third-degree felony. For reasons not clear from this record, that charge was not filed.
Reversed and remanded with directions to the trial court to grant a judgment of acquittal.
PARKER, A.C.J., and BLUE and NORTHCUTT, JJ., Concur.