IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BARONTAE DION ROBERTS,

      Appellant,

 v.                                      Case No.  5D16-2187

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 23, 2018

Appeal from the Circuit Court
for Orange County,
Julie H. O'Kane, Judge.

James S. Purdy, Public Defender, and Ali L.
Hansen, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Barontae Dion Roberts ("Defendant") appeals his judgment and sentence for

armed burglary of a dwelling with a firearm, possession of a firearm by a convicted felon,

and criminal mischief.  Defendant contends that the State made a number of improper

comments during closing arguments that warrant reversal.  Because Defendant did not

timely object to these improper comments, he contends they constituted fundamental

error.  "A fundamental error is one that undermines the confidence in the trial outcome

and goes to the very foundation of a case." Jassan v. State, 749 So. 2d 511, 512 (Fla. 2d DCA 1999). We find merit in two of Defendant's assertions and reverse and remand for a new trial.

First, the State misrepresented the applicable law regarding what actions would support a conviction of burglary. Pursuant to section 810.02(1)(b)1., Florida Statutes (2014), it is burglary to enter a dwelling without an invitation with the intent to commit an offense within it. In this case, the prosecutor argued to the jury, "Even if you believe everything that he said, say you believe every word [out] of this six-time convicted felon's mouth, he still was committing a crime when he entered. He was resisting the officers by running away from them. So that, in and of itself, his testimony is burg dwelling, period." The prosecutor also stated, "Didn't he have a conscious intent that the criminal act be done even if you believe what he said? Because he had the intent to commit -- in his words, he is fleeing from police."

With this argument, the State told the jurors that, even if they believed Defendant's testimony, he was still guilty of the crime of burglary because he entered a house while committing the crime of fleeing or resisting law enforcement. However, neither offense was supported by the evidence presented in this case. Section 316.1935(2), Florida Statutes (2014), provides that "[a]ny person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated commits a felony of the third degree." Section 843.02, Florida Statutes (2014), provides that it is a first-degree misdemeanor to resist, obstruct, or oppose without violence any law enforcement officer "in the execution of legal process or in the lawful execution of any legal duty." The evidence presented at Defendant's trial did not support

2

either of these charges because no witness testified that any law enforcement officer had a vehicle's siren and lights activated at the time Defendant entered the house or that law enforcement had attempted to detain or arrest Defendant. Accordingly, the State's argument was a misrepresentation of the applicable law.

Second, the State improperly shifted the burden of proof to Defendant during its closing argument. "The standard for a criminal conviction is not which side is more believable, but whether, taking all the evidence into consideration, the State has proven every essential element of the crime beyond a reasonable doubt." Gore v. State, 719 So. 2d 1197, 1200 (Fla. 1998). Therefore, "it is error for a prosecutor to make statements that shift the burden of proof and invite the jury to convict the defendant for some reason other than that the State has proved its case beyond a reasonable doubt." Id. Here, the prosecutor improperly made several such comments during closing arguments, particularly when he urged the jury, "Think about [Defendant's] demeanor on this witness stand. He's being accused of armed burglary of a dwelling. He should be yelling, screaming 'I didn't do this.' He should be yelling and screaming. Yet, he was stuttering over his words. He couldn't even get his story out." A defendant's fundamental right to present a defense "stand[s] for naught if the prosecutor can ridicule a defense so presented, denigrate the accused for his temerity in raising the issue, and misstate the law in contradiction of the judge's instructions, as the prosecutor in this case did." Miller v. State, 712 So. 2d 451, 453 (Fla. 2d DCA 1998).

We therefore reverse and remand for a new trial.

REVERSED and REMANDED.

SAWAYA, TORPY and BERGER, JJ., concur.